IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

VICTOR MARTINEZ,

    Plaintiff,

v.                                               2:24-CV-4-Z

UNION PACIFIC RAILROAD,

    Defendant.

## ORDER

Plaintiff Victor Martinez ("Martinez"), acting *pro se*, filed suit complaining of employment discrimination and was granted permission to proceed *in forma pauperis*. ECF No. 6.

### BACKGROUND

On April 3, 2024, as part of its screening process, the Court ordered Martinez to complete a questionnaire within 30 days. ECF No. 11. In the order, the Court admonished Martinez that failure to timely return the questionnaire could result in dismissal of this case. *Id.* at 2. The questionnaire responses were due on May 3, 2024, but Martinez failed to respond. Thus, in the interest of justice, the Court *sua sponte* extended the deadline to comply to May 29, 2024. ECF No. 12. The Court again admonished Martinez that his failure to respond likely would result in dismissal of his complaint for failure to prosecute under FED. R. CIV. P. 41. As of the date of this Order, however, Martinez has failed to respond to the Court's Briefing Order or seek an extension of time to do so.

### LEGAL ANALYSIS

Dismissal of this action may result in Martinez being precluded from pursuing an employment discrimination claim due to limitations. That notwithstanding, dismissal is appropriate. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

When a litigant may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the Court is required to apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (concluding that when limitations prevents or arguably may prevent further litigation, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile). In applying the higher standard, the court must find "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (internal marks omitted); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) ("Although '[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice . . . a Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser

sanctions would not serve the best interests of justice'" (internal quotations and quoted cases omitted)).

Here, the Court finds that there is a clear record of purposeful delay by Martinez. Despite two orders, Martinez has failed to provide a completed questionnaire in support of his Complaint. Since Martinez is representing himself, the delay caused by his implied refusal to comply with the Court's order is attributable to him alone. *Berry*, 975 F.2d at 1191. Moreover, no lesser sanction will prompt diligent prosecution of this case; warnings from the Court that dismissal was imminent if he failed to comply went unheeded. Indeed, the case cannot proceed absent a proper complaint. Thus, the Court hereby exercises its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Martinez's claims. *See Nottingham*, 837 F.3d at 441 (holding court did not abuse its discretion in applying higher standard of review and dismissing *pro se* civil rights action due to plaintiff's intentional noncompliance with court orders).

For the foregoing reasons, this case is hereby **DISMISSED** without prejudice for failure to comply with court orders and for want of prosecution. *See* FED R. CIV. P. 41(b).

**SO ORDERED**.

June 5, 2024.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE